United States District Court
Middle District of Florida
Jacksonville Division

**MICHAEL WALTER SPINNER,**

    *Plaintiff,*

v.                                    NO. 3:22-CV-1380-MMH-PDB

**STATE OF FLORIDA ETC.,**

    *Defendants.*

---

# Report and Recommendation

Michael Walter Spinner, proceeding pro se, sues the State of Florida, the "United States Supreme Court/Justices," the Internal Revenue Service, the Social Security Administration, the Florida Department of Revenue Child Support, the Jacksonville Sheriff's Office, the Office of the State Attorney, and the Office of Governor Ron DeSantis. Doc. 1. Although unclear, Mr. Spinner appears to sue the defendants under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for monetary damages for acting under a constitution written by a slave owner and upheld in *Dred Scott v. Sandford*, 60 U.S. 393 (1857).

In an order entered on December 28, 2022, the undersigned directed Mr. Spinner to take two actions by January 17, 2023: (1) pay the filing fee or move to proceed in forma pauperis and (2) show cause why the case should not be dismissed. *Id*. The undersigned explained the need for subject-matter jurisdiction, the *Rooker-Feldman* doctrine, the requirements for stating plausible § 1983 and *Bivens* claims, Eleventh Amendment immunity, judicial immunity, the liberal-construction standard, the amendment standard, the

pleading standards, the in-forma-pauperis standards, and the standard for striking redundant, immaterial, impertinent, or scandalous material. Doc. 2 at 1–6. The Court explained:

> Even construing the complaint liberally to account for his pro se status, and setting aside that the complaint is a shotgun pleading, [Mr. Skinner] does not appear to state a claim on which relief can be granted because he fails to allege facts making plausible any claim, instead relying on conclusory, vague, or immaterial statements, including statements subject to being struck as redundant, immaterial, impertinent, or scandalous. He faces additional problems, including an inability to sue the State of Florida, its agencies, or its officials for monetary damages under § 1983; an inability to sue the Jacksonville Sheriff's Office as an entity; judicial immunity for United States Supreme Court Justices; and an inability to obtain appellate review of any state-court judgment.

Doc. 2 at 7. The undersigned directed Mr. Spinner to resources for pro se litigants, including the Legal Information Program. The undersigned warned him that if he: "**fails to timely respond and show cause, the undersigned will recommend dismissal without prejudice.**" *Id.*

Mr. Spinner failed to respond.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct

that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Mr. Spinner failed to comply with the December 28 order. But no clear record of delay or willful conduct is present. The undersigned **recommends** dismissing the action without prejudice.

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on February 13, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Michael Walter Spinner
    1475 Biscayne Bay Drive
    Jacksonville, FL 32218